Mathew K. Higbee, Esq. SBN 241380
Ryan E. Carreon, Esq., SBN 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8373
(714) 597-6559 facsimile
Email: mhigbee@higbee.law
rcarreon@higbee.law

*Attorney for Plaintiff,*
Melissa Lyttle,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MELISSA LYTTLE<br><br>              Plaintiff,<br><br>v.<br><br>XFL PROPERTIES LLC; and DOES 1 through 10 inclusive,<br><br>              Defendant. | Case No. 2:23-cv-3502<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**(1) COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Melissa Lyttle alleges as follows:

## JURISDICTION AND VENUE

1.    This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2.    This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3.    This Court has personal jurisdiction over Defendant because Defendant conducts business and/or resides within this judicial district, Defendant's acts of infringement complained of herein occurred in this judicial district, and Defendant caused injury to Plaintiff within this judicial district.

4.    Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and

1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant resides and has a regular and established place of business in this judicial district.

## PARTIES

5. Plaintiff Melissa Lyttle ("Lyttle") is an individual who resides in Washington, DC.

6. Defendant XFL Properties, LLC ("Defendant" or "XFL Properties") is a Delaware limited liability company with a principal place of business in Beverly Hills, California.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

8. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of the Defendants named in this caption.

## FACTUAL ALLEGATIONS

### *Plaintiff Lisa Corson*

9. Melissa Lyttle is a successful commercial, editorial, and portrait photographer.

10. Lyttle's client list includes Adidas, Pfizer, Starbucks, ESPN, Esquire,

The New York Times, Sports Illustrated, and CNN.

11.     A portfolio of Lyttle's work is available for viewing by general public through her website www.melissalyttle.com.

12.     On March 6 2020, a representative from Alpha Entertainment, which then owned XFL ("Alpha Entertainment XFL"), contacted Lyttle and requested her photography services at a March 8, 2020 D.C. Defenders and St. Louis Battlehawks football game (the "Game")

13.     Lyttle and the XFL representative agreed to a rate of $850 for Lyttle's services and in exchange for payment, Alpha Entertainment would retain full rights to the photographs.

14.     Lyttle provided Alpha Entertainment XFL with several invoices for payment from March to May 2020 for the photography work she performed at the Game.

15.     Lyttle was never notified that any of the images from the Game were selected for publication.

16.     Lyttle never received payment for her services at the Game and therefore no license was ever granted to Alpha Entertainment XFL or its successors.

17.     Three of Lyttle's photographs from the March 8th game were ultimately selected for publication on Alpha Entertainment's website ("Football Photographs").

18.     Attached hereto as Exhibit A are a true and correct copies of the Football Photographs.

19.     Lyttle has registered the Football Photographs with the United States Copyright Office under registration number VA 2-202-017.

### *Defendant XFL Properties LLC.*

20.     According to its website, XFL Properties is a professional football league with a focus on fan interaction and innovation through fan involvement. See generally www.xfl.com/about.

21.     In March 2020, www.xfl.com was owned and operated by Alpha

Entertainment LLC, a Delaware limited liability company.

22. On April 13, 2020, Alpha Entertainment LLC filed for bankruptcy.

23. In August 2020, www.xfl.com was purchased by Alpha Aquico LLC.

24. On August 18, 2020, Defendant XFL Properties LLC was registered as a limited liability company under Delaware law with office locations listed in Connecticut.

25. According to the Connecticut Secretary of State website, Defendant's principal place of business is 9100 Wilshire Blvd., STE 1000W, Beverly Hill, CA, 90212, United States.

26. Attached hereto as Exhibit B is a true and correct copy of the Defendant's registration as an LLC with the Connecticut Secretary of State, showing that their principal place of business is California.

### *Defendant's Infringing Conduct*

27. On or about June 15, 2021, Lyttle discovered, that despite never being paid for her work, never being notified that any of the images shot at the Game were selected for publication, and Alpha Entertainment LLC's bankruptcy filing, the Football Photographs were published in an article titled "Must-See Photos: Defenders vs. Battlehawks" ("Infringing Post").

28. True and correct screenshots of the Football Photographs being displayed with the Infringing Post are attached hereto as Exhibit C.

29. On June 16, 2021, Lyttle, through counsel, reached out to XFL Properties to inform them that Lyttle was never paid for her work by Alpha Entertainment and therefore no license ever existed for XFL Properties' use of the Football Photographs.

30. On information and belief, XFL Properties did not remove the Football Photographs until at least May 2022, despite communication from Lyttle's counsel regarding the copyright violations and unlicensed use of the Football Photographs.

31. On information and belief, Defendant's use of the Football Photographs

was deliberate and willful because it knew or should have known that it did not purchase a license to use the Football Photographs.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq.*

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Football Photographs.

33. Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon Plaintiff's copyrighted Football Photographs in violation of Title 17 of the U.S. Code, in that it used, published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Football Photographs of the Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

34. Specifically, Defendant made an unauthorized copy and then publicly displayed the Football Photographs with the Infringing Post on Defendant's Website.

35. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 if willful or up to $30,000 if unintentional pursuant to 17 U.S.C. § 504(c).

36. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

/ / /
/ / /
/ / /
/ / /
/ / /

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;
- For costs of litigation and reasonable attorney's fees against each Defendant pursuant to 17 U.S.C. § 505;
- For an injunction preventing each Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;
- For pre judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: May 8, 2023                              Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Melissa Lyttle hereby demands a trial by jury in the above matter.

Dated: May 8, 2023

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*